Lincoln *v.* Bassett.

## ANNIS A. LINCOLN *vs.* ANSELM BASSETT.

roceedings in insolvency will not be set aside, as originally defective, on a bill filed by the debtor more than six years after their commencement, and after he has without objection appeared at several meetings of his creditors and submitted himself to examination.

An insolvent debtor cannot maintain a bill in equity against his assignee for misconduct, without first applying to the court of insolvency for relief.

BILL IN EQUITY, filed by an insolvent debtor on the 7th of April 1857, to compel his assignee to render an account, and to set aside the proceedings in insolvency, which were commenced against him by the petition of one of his creditors, on which, after a hearing, a warrant was issued, returnable in June 1850, when the first meeting was held, schedules of debts and assets presented by the debtor, the defendant chosen assignee, and an assignment made to him ; the second meeting was held in Sep-

tember 1850, at which the debtor submitted to an examination according to law; and the third meeting in November 1850, and kept open by repeated adjournments until June 1856, when the debtor applied for his discharge, which was refused by the judge on the ground that the meeting was irregular and not a legal adjournment of the third meeting.

The bill, after stating these facts, alleged that the defendant has received in cash from the estate a sum exceeding five thousand dollars, but had never rendered any account; and that no dividend had ever been ordered, notwithstanding the requirement of the statute that within eighteen months from the time of the assignee's appointment his account should be produced and settled and a dividend made; and that the judge and assignee had, " by their own neglect to act as by law required, forfeited all jurisdiction, authority and claim to any of said estate," and that it should in equity and justice be returned to the debtor.

The bill further alleged that there was no cause for issuing the warrant, because the petitioning creditor had no legal claim, and because the officer's return mentioned in the petition did not distinctly show an attachment of the debtor's estate; that the defendant had been unfaithful to his trust by allowing debtors to the estate to prove claims against it, and by neglecting to collect debts due to it; and that this petitioner believed he had obtained an assent to his discharge from a majority in number and value of his creditors, but owing to lapse of time was unable to prove it.

The defendant demurred generally to the bill,

*C. I. Reed*, for the defendant.

*J. Brown*, for the plaintiff.

BIGELOW, J.*  So far as this bill seeks to set aside and vacate the proceedings in insolvency, it cannot be sustained.  The plaintiff, having suffered the proceedings to go on after notice and without objection for upwards of six years, and having ap-

---

* The remaining cases of this term were argued at Boston in January 1858 before all the judges except THOMAS, J.

peared and taken part at the various meetings of the creditors, thereby submitting and assenting to the jurisdiction of the court of insolvency, cannot now be heard to say that the proceedings were originally defective and void.

So far as the bill goes on the ground of a neglect by the assignee to render his accounts in due season, and to make a dividend according to law among the creditors of the insolvent, it is open to the objection that the proper remedy in such case is to apply in the first instance to the court having original jurisdiction of the insolvent proceedings.    *Demurrer sustained.*